UNITED STATES DISTRICT COURT　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IVAN MICHAEL SUPHAL,

       Petitioner,    MEMORANDUM AND ORDER

   -against-       08-CV-4398 (JG) (LB)

LUIS R. MARSHALL, Superintendant,
Sing Sing Correctional Facility,

       Respondent.
----------------------------------------------------------------x
A P P E A R A N C E S:

  FREEMAN, NOOTER & GINSBERG,
    30 Vesey Street, Suite 100
    New York, New York 10007
  By: Thomas Nooter
    Janet Mace

    Attorneys for Petitioner

  CHARLES J. HYNES
    District Attorney
    Kings County
    350 Jay Street
    Brooklyn, New York 11201
  By: Sholom J. Twersky

    Attorney for Respondent

JOHN GLEESON, United States District Judge:

    Ivan Michael Suphal petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court of depraved indifference murder. Suphal claims that he was denied effective assistance of counsel because his trial counsel did not seek to suppress his arrest and confession as the fruits of an illegal search and because his appellate counsel also failed to argue that his arrest and confession were illegally

obtained and improperly admitted. Both claims are meritless. Having already rejected the rest of Suphal's arguments in favor of relief, I now deny his petition in its entirety.[1]

BACKGROUND

The government's evidence at trial established that Suphal shot and killed Jubar "Snoop" Saunders on November 15, 1999 in Brooklyn, New York. After witnesses interviewed by the police said they had seen Suphal with Saunders near the time of the shooting, the police began looking for him. In the course of their search, the police went to the apartment shared by Suphal's girlfriend, Melody Maria Borrero, and her mother, Maria de Carmen Matos. Borrero was not there, but Matos consented to the placement of a tracing device on the apartment phone line. Sometime in the late evening of November 17 or the early morning of November 18, Suphal called the apartment from a pay phone outside the Belmont Hotel in Queens. The call was traced and the police went to the hotel, where Suphal was staying under his own name, and arrested him. While in custody, Suphal confessed to shooting Saunders.

At trial, the government elicited testimony explaining how the police had used the tracing device to locate and arrest Suphal, and it also introduced evidence of his confession. Suphal's lawyer did not object to the trace as illegal or move to suppress Suphal's arrest and confession as the fruits of an illegal search. Nor did Suphal's appellate lawyer challenge the legality of the trace on direct appeal. The Appellate Division affirmed Suphal's conviction and the Court of Appeals denied leave to appeal.

Some time after his trial, Suphal claims, he learned that Matos had withdrawn her consent to the placement of the tracing device before his call to her apartment was traced. After the unsuccessful conclusion of his direct appeal, Suphal sought to overturn his conviction

---

[1] This memorandum and order assumes familiarity with the facts and procedural history of this case, set out in my April 24, 2009 order.

2

pursuant to N.Y. Crim. Proc. Law § 440.10, claiming that his trial counsel was ineffective for not arguing that the trace was illegal because it was not authorized by consent or court order. Without stating its reasons, the New York State Supreme Court, Kings County, denied this claim on the merits. *People v. Suphal*, 839 N.Y.S.2d 474, 478 (2006). Suphal then petitioned the Appellate Division for a writ of coram nobis, arguing that his appellate counsel was ineffective for not raising the illegal trace as a ground for relief on direct appeal. The Appellate Division denied the writ, *People v. Suphal*, 857 N.Y.S.2d 501, 501 (N.Y. App. Div. 2008), and the Court of Appeals denied leave to appeal, *People v. Suphal*, 11 N.Y.3d 835 (N.Y. 2008) (table).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of federal habeas review of claims challenging a state conviction that state courts have adjudicated on the merits. 28 U.S.C. § 2254(d). A federal court may overturn a state court's ruling on the merits of a claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* This deferential standard of review applies whenever a state court disposes of a state prisoner's federal claim on the merits and reduces its disposition to judgment, regardless of whether it explicitly refers to the federal claim or federal law in its decision. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

A.  Ineffective Assistance of Counsel

To be denied the Sixth Amendment right to effective assistance of counsel, a defendant must have been prejudiced by his lawyer's deficient performance. Thus, to establish ineffective assistance, "the defendant must show that counsel's representation fell below an

objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The required showing is the same for both trial and appellate counsel.

Suphal claims that his trial counsel unreasonably failed to discover that Matos had withdrawn her consent. If counsel had investigated, Suphal contends, he could have moved to suppress Suphal's arrest and confession as the fruits of an illegal trace. Suphal also claims that his appellate counsel unreasonably failed to argue that the illegal trace was a ground for relief on direct appeal.

Neither Suphal's trial nor his appellate counsel acted unreasonably, and, in any event, it is clear he suffered no prejudice because of their alleged errors.[2] "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. "[W]hat investigation decisions are reasonable depends critically on . . . information supplied by the defendant." *Id.* Suphal admits that he never told his trial counsel that Matos had withdrawn her consent until after the trial -- indeed, he claims he did not learn of the fact himself until after his trial. It does not appear that his trial counsel would have had any other basis to question the validity of Matos's consent. In these circumstances, it was reasonable for trial counsel not to ask Matos whether, having indisputably consented to the initial placement of the tracing device, she later revoked that consent. Similarly, Suphal's appellate counsel had no basis to raise the trace as a potentially

---

[2] Although the respondent did not raise this argument, I note that Suphal failed to appeal the rejection of his ineffectiveness of trial counsel claim by the New York Supreme Court, Kings County. Accordingly, it is unexhausted, and, because it can no longer be exhausted, is deemed procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (explaining that unexhausted and inexhaustible claims are deemed procedurally defaulted). As Suphal has failed to show cause and prejudice or a miscarriage of justice, this failure to exhaust would have provided another bar to review if the respondent had raised it. *See* 28 U.S.C. § 2254(b) (barring a federal court from granting a habeas petition unless the petitioner has exhausted all available state judicial remedies); *Coleman*, 501 U.S. at 750.

meritorious issue on direct appeal.  Since no objection to the trace as unauthorized appeared in the trial record, appellate counsel would not have known of the issue unless Suphal told her about it and he does not allege that he did.  Moreover, the absence of any objection to the trace on this ground at trial foreclosed the issue as unpreserved on appeal.

More importantly, even if Suphal's trial or appellate counsel had successfully argued that the trace was illegal, its illegality would not have provided a basis to exclude Suphal's arrest and confession -- the only damaging fruits of the trace.  The illegal use of tracing devices by the police does not violate rights under either the federal or New York constitutions. *See Smith v. Maryland*, 442 U.S. 735, 745-46 (1979) (holding that use of a tracing device is not a search for purposes of the Fourth Amendment); *People v. Guerra*, 65 N.Y.2d 60, 63 (1985) (holding that use of a tracing device is not a search for purposes of the New York State Constitution).  Although a New York statute, N.Y. Crim. Proc. Law § 705.05, requires the police to obtain a court order or consent before using a tracing device, it does not require the exclusion of all evidence obtained as a result of an illegal trace.  The law mandates the exclusion at trial of only that evidence obtained as a direct result of the trace -- the traced numbers themselves.  *See* N.Y. Crim. Proc. Law § 710.20.  It permits the police to use the traced numbers to support a probable cause finding that justifies other searches and seizures, and it permits the admission at trial of evidence obtained as a result of those other searches and seizures.  *See People v. Medure*, 736 N.Y.S.2d 841, 845-46 (N.Y. Sup. Ct. 2001).

Had Suphal succeeded in persuading a judge that Matos had in fact revoked her consent, Suphal could at most have hoped to exclude only the number of the pay phone from which he dialed the Matos home, which was hardly a significant piece of evidence.  The number did not even contribute to the probable cause supporting Suphal's arrest -- the witness statements

had already given the police ample probable cause to arrest Suphal when they found him. Even if the police had somehow relied on the number to make a probable cause determination supporting Suphal's arrest, they would have done nothing wrong. Accordingly, even assuming the trace was illegal, the state would have been entitled to introduce evidence of Suphal's arrest and the statements he made while in custody. Given Suphal's confession and the testimony of multiple witnesses that Suphal had been with Saunders near the time of the shooting, there is no reasonable probability that the exclusion of the pay phone number, or even the exclusion of all of the evidence concerning how the police eventually found Suphal, would have altered the verdict.

Accordingly, I see no reason why the New York courts' rejection of Suphal's claims that he was denied effective assistance of counsel was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts." § 2254(d).

## CONCUSION

The writ is denied. Because Suphal has not made a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 10, 2009
  Brooklyn, New York